**UNITED STATES of America, Appellee,**

v.

**Dennis SIMS, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Reginald WILLIAMS, Appellant.**

**Nos. 75–1714, 75–1715.**

United States Court of Appeals, Fourth Circuit.

Argued Sept. 16, 1976.

Decided Nov. 3, 1976.

Certiorari Denied Jan. 10, 1977.

See 97 S.Ct. 764.

Herbert W. Louthian, Columbia, S. C., for appellant in 75–1715.

Eric William Ruschky, Asst. U. S. Atty., Columbia, S. C. (Mark W. Buyck, Jr., U. S. Atty., Thomas P. Simpson, Asst. U. S. Atty., Columbia, S. C., on brief), for appellee in 75–1714 and 75–1715.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Reginald Williams and Dennis Sims were found guilty by a jury of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and each was sentenced to a prison term of twenty-two years.

Both defendants challenge the giving of a jury instruction on common law confedera-

tion in addition to a charge under 18 U.S.C. § 2.[1] While they concede that in their case there was abundant authority to support a charge of common law confederation, they claim that Congressional enactment of 18 U.S.C. § 2 negates the old common law theory and further argue that the charge should be applied only in conspiracy cases.

■ We can discern no Congressional intent to eliminate an instruction on a common law confederation by its promulgation of 18 U.S.C. § 2. An instruction on common law confederation raises a question concerning the admissibility of evidence, a theory of proof rather than offense. We therefore find that the trial judge did not err by giving both instructions. *See Carpenter v. United States,* 264 F.2d 565 (4th Cir. 1959), *cert. denied,* 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548. It is clear that the use of an instruction on common law confederation is not confined to conspiracy cases. *Hilliard v. United States,* 121 F.2d 992 (4th Cir. 1941), *cert. denied,* 314 U.S. 627, 62 S.Ct. 111, 86 L.Ed. 503; *United States v. Sapperstein,* 312 F.2d 694 (4th Cir. 1963).

The judgment of the district is accordingly affirmed.

AFFIRMED.

---

1. 18 U.S.C. § 2 provides:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.